BOSKO PETRICEVIC          8443
Attorney at Law, LLLC
P.O. Box 38, Honolulu, Hawaii 96810
Telephone:                (402) 301-3716
E-mail:                   boskolaw@gmail.com
Attorney for Plaintiffs
JOSEPH MCCRAY and SPFPA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH MCCRAY, INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), an International Union, | ) CIVIL NO.<br>)<br>)<br>)<br>)<br>) COMPLAINT; DEMAND FOR |
| Plaintiffs, | ) TRIAL BY JURY; SUMMONS |
| vs. | ) |
| STEVEN MARITAS (Individually & In His Official Capacity); LAW ENFORCEMENT OFFICERS SECURITY UNION ("LEOSU"), an unincorporated union; LAW ENFORCEMENT OFFICERS SECURITY & POLICE BENEVOLENT ASSOCIATION ("LEOS-PBA"), an unincorporated union; and UNITED FEDERATION-LEOS-PBA LAW ENFORCEMENT SECURITY & BENEVOLENT ASSOCIATION ("UFLEOS-PBA"); UNITED FEDERATION LEOS-PBA HAWAII, GUAM, SAIPAN AND AMERICA SAMOA ("HAWAII UFLEOS-PBA"); DOE PERSONS 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; DOE UNINCORPORATED ORGANIZATIONS  1-10; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

## COMPLAINT

Plaintiffs **JOSEPH MCCRAY ("Plaintiff McCray")** and **INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA ("Plaintiff SPFPA")** ("**collectively Plaintiffs**"), by and through their undersigned attorney BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC, and hereby submit their COMPLAINT against Defendants Steven Maritas ("Maritas"), Law Enforcement Officers Security Union ("LEOSU"), Law Enforcement Officers Security & Police Benevolent Association ("LEOS-PBA"), United Federation-LEOS-PBA Law Enforcement Security & Benevolent Association ("UFLEOS-PBA") and United Federation Leos- Pba Hawaii, Guam, Saipan And America Samoa ("HAWAII UFLEOS-PBA") (**collectively, "Defendants"**) and allege on information and belief, as follows:

## I.  INTRODUCTION

Plaintiffs bring this action for assault and battery, defamation and other related causes of actions against all above captioned Defendants, as follows:

## II. PARTIES

1.      Plaintiff JOSEPH MCCRAY **("Plaintiff McCray"),** at all relevant times mentioned in this Complaint, is a resident of the State of Michigan, and an employee and official of Plaintiff SPFPA.

2.      Plaintiff INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA **("Plaintiff SPFPA" or "SPFPA")** is an unincorporated international union, organized and existing under the laws of the State of

Michigan. SPFPA's International Headquarters is in Roseville, Michigan, and SPFPA is doing business throughout the State of Michigan. SPFPA represents security, police, and fire professionals across the United States and Canada.

3.     Defendant STEVEN MARITAS ("Defendant Maritas" or "Maritas"), at all relevant times mentioned in this Complaint, is a New York resident and is/was the founder, president, and organizing director of Defendants LEOSU and LEOS-PBA; and Maritas is/was the co-founder, organizing director, and executive director of UFLEOS-PBA. As a result, LEOSU, LEOS-PBA and UFLEOS-PBA are vicariously responsible for Maritas' actions as described below under the respondeat superior doctrine.

4.     Defendant LAW ENFORCEMENT OFFICERS SECURITY UNIONS ("LEOSU"), at all relevant times mentioned in this Complaint, is an unincorporated union, organized and existing under the laws of the District of Columbia, doing business in various states across the country.

5.     Defendant LAW ENFORCEMENT OFFICERS SECURITY & POLICE BENEVOLENT ASSOCIATION ("LEOS-PBA"), at all relevant times mentioned in this Complaint, is an unincorporated union, organized and existing under the laws of the District of Columbia, doing business in various states across the country.

6.     Defendant UNITED FEDERATION-LEOS-PBA LAW ENFORCEMENT SECURITY & BENEVOLENT ASSOCIATION ("UFLEOS-PBA"), at all relevant times mentioned in this Complaint, is an unincorporated union, organized

and existing under the laws of the District of Columbia, doing business in various states across the country.

7.      Defendant UNITED FEDERATION LEOS-PBA HAWAII, GUAM, SAIPAN AND AMERICA SAMOA ("HAWAII UFLEOS-PBA"), upon information and belief, at all relevant times mentioned in this Complaint, is an unincorporated union, organized and existing under the laws of the State of Hawaii, doing business in various states across the country.

8.      LEOSU and LEOS-PBA are effectively one and the same. Maritas founded both unions at the same time, and although he markets union services under the LEOSU name, when union members paid dues, they pay those dues to LEOS-PBA. Dues checks are deposited into the LEOS-PBA bank account even when those checks are made out to LEOSU.

9.      During the course of the instant litigation, LEOS-PBA (including LEOSU) merged with two other unions to form UFLEOS-PBA. UFLEOS-PBA's website even uses the address leospba.org. On that website, run by Maritas, Maritas refers to UFLEOS-PBA and LEOSU together, such as claiming "[t]he Law Enforcement Officers Security Unions LEOSU, United Federation LEOS-PBA has done it again …." As this merged entity, UFLEOS-PBA, takes on all assets and liabilities of the underlying merging entities, including LEOSU and LEOS-PBA, UFLEOS-PBA will be liable for all damages Plaintiffs may be awarded in this litigation.

10.     At all times relevant to this litigation, Defendants, like SPFPA, were also in the business of representing security, police, and fire professionals.

11.     Defendants' use of the leospba.org website, among many others, constitutes conducting and/or transacting business within Hawaii Federal district for purposes of personal jurisdiction. Such actions also establish that Defendants have minimum contacts with Hawaii such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. It was on this website, at least partly, where Defendants have subsequently defamed Plaintiffs after Defendant Maritas physically and sexually assaulted Plaintiff McCray in Honolulu, Hawaii. Accordingly, Defendants are subject to personal jurisdiction in this Court.

12.     Similarly, given Defendants' use of these websites constituting conducting and/or transacting business in Hawaii, venue is proper in this Court pursuant

13.     Defendants DOE PERSONS 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10 and ROE GOVERNMENTAL ENTITIES 1-10, are sued herein under fictitious names for the reason that, after thoroughly investigating the facts of the action, said Defendants' true names and identities are presently unknown to Plaintiff, except upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, distributors, subcontractors or contractors and/or owners, lessees, assignees, licensees, of the named

Defendants and/or were in some manner presently unknown to the Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff which was a proximate cause of injuries or damages to Plaintiff and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorney. To ascertain the full names and identities of Defendants DOE PERSONS 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10 and ROE GOVERNMENTAL ENTITIES 1-10, Plaintiff's counsel has investigated the facts alleged herein through *inter alia*, interviews of Plaintiff and records and files submitted by Plaintiff. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff will move to amend his Complaint to state the true names.

### III.      <u>JURISDICTION AND VENUE</u>

14.      Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

15.      All of the Defendants and Plaintiffs are or were residents of other jurisdictions other than Hawaii at all times relevant to this Complaint, as described above.

16.      However, this Court has diversity jurisdiction over all the parties and subject matter of this Complaint under 28 U.S.C. § 1332 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. 1367 with remedy for the violation of any rights, privileges or immunities secured by the United States Constitution or federal statutes, considering that the underlying sexual physical attack occurred in Honolulu, Hawaii (as

described below) and that the amount in dispute exceeds $100,000 exclusive of interest and costs and Plaintiff requests various equitable relief herein.

17.     As such, this Court has jurisdiction over the parties and subject matter of this Complaint.

18.     All events material to this Complaint occurred on the Island of Oahu, within the City and County of Honolulu, in the State of Hawaii, and within the jurisdiction of the U.S. District Court for the District of Hawaii.

## IV.     <u>FACTS</u>

19.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

20.     On September 13, 2023, Plaintiff McCray and his employer Plaintiff SPFPA were hosting meetings at the **<u>Restaurant Row in the open plaza in Honolulu, Hawaii</u>**.

21.     Plaintiff McCray arrived with his colleagues employed by Plaintiff SPFPA around noon and set up two tables, closest to the curb, with banners and personal property on the table.

22.     The tables were occupied by SPFPA representatives.

23.     There was about 5 or 6 of Plaintiff McCray and his Plaintiff SPFPA's colleagues between the two tables.

24.     They were in the area to have a meet & greet with Union-represented employees on Oahu and specifically at the Federal Building.

25.     Defendant Maritas and his group employed by all of the above captioned Defendants came to the area around 2:30 pm on September 13, 2023 to do their own meetings with Union-represented employees on Oahu.

26.     They sat at other tables behind Plaintiffs' group.

27.     Throughout the day, Plaintiff McCray and his Plaintiff SPFPA's colleagues and their group were meeting with employees.

28.     During break, where no employees were at the tables, Plaintiff McCray and Plaintiff SPFPA's banners and personal property were left on the tables.

29.     About 3:15-3:20 pm, Plaintiff McCray was standing in the atrium area.

30.     Maritas went to Plaintiff McCray table and started going through Plaintiff McCray and Plaintiff SPFPA's paperwork.

31.     Plaintiff McCray went to Maritas and asked him politely to put Plaintiff McCray and Plaintiff SPFPA's stuff down and *leave* the table. Plaintiff McCray told him to put Plaintiff McCray and Plaintiff SPFPA's personal property down and leave this table, this table is being occupied by Plaintiff McCray and Plaintiff SPFPA's employees. There was a large banner on the table and there were Plaintiff McCray and Plaintiff SPFPA's personal effects on the table.

32.     After hearing this, Maritas told Plaintiff McCray to go "fuck himself".

33.     Plaintiff McCray again asked nicely for Maritas to leave Plaintiff McCray and Plaintiff SPFPA's stuff alone and Maritas told Plaintiff McCray repeatedly to "go fuck himself".

34.     Maritas told Plaintiff McCray that he'd grab Plaintiff McCray's balls ("male genital appendage").

35.     Suddenly, Maritas reached from his chair and grabbed Plaintiff McCray's balls ("male genital appendage") and squeezed.

36.     Plaintiff McCray's jumped back to get Maritas to let go and create some distance and free himself.

37.     In this scramble, Plaintiff McCray used reasonable force to defend himself.

38.     Plaintiff McCray *moved* away from the table area in a scramble afterwards and representatives of all unions separated Plaintiff McCray and Maritas.

39.     Maritas still had Plaintiff McCray and Plaintiff SPFPA's group's personal property, an SPFPA flyer, in his hand. Maritas balled up the flyer, spit in a trash can, then threw the balled-up flyer in the trash can. There was at least one bargaining unit members in the area when the incident occurred.

40.     Plaintiff McCray told the SPFPA representatives who were there what happened and that they need to call the police.

41.     Plaintiff McCray called 911 and explained what happened and asked that a police officer be dispatched to the scene. About 5 or 6 police officers arrived on the scene.

42.     Plaintiff McCray gave his report to the police and identified Maritas for the police. The police met with Maritas. Maritas was arrested for fourth degree sexual assault. Plaintiff McCray was not arrested.

43.     The sexual and physical assault left Plaintiff McCray with emotional trauma and concern that Maritas or other Defendants' representatives could retaliate against Plaintiff McCray his SPFPA's colleagues again.

44.     Plaintiff McCray and his SPFPA colleagues have been targeted by all of the Defendants' representatives and employees and Maritas before and after this physical attack.

45.     In the days after the attack, Maritas drove by the area where the above-described attack occurred and was waiving and laughing at Plaintiffs, stopping at the curb and pointing at the Plaintiffs' reps and taunting them.

46.     However, after the above sexual assault occurred, Defendants' representatives and employees and Maritas defamed and portrayed Plaintiffs in a false

light subsequently on their website "leospba.org" with defamatory, hateful and racially charged comments made against Plaintiff McCray and Plaintiff SPFPA.

47.     After the Sept. 13, 2023 sexual assault in Honolulu, Hawaii, all of the Defendants, including Maritas, on their website "leospba.org" that they control and operate, defamed and falsely claimed that Plaintiff McCray initiated and assaulted Maritas instead of the other way around as it really happened.

48.     Defendants also defamed and falsely claimed that Plaintiff McCray and his SPFPA colleagues initiated the "unprovoked attack" on Maritas on their website "leospba.org".

49.     Defendants also defamed, falsely called and in false light portrayed Plaintiff McCray and his SPFPA colleagues to be "Union Thug" and "Union Thug representatives" on their website "leospba.org", that they control and operate, shortly after the September 13, 2023 sexual assault committed by Maritas and against Plaintiff McCray.

50.     Maritas also falsely claimed and stated on the above referenced website operated by Defendants that he was in fear for his life because of McCray and that McCray sucker punched him. This was absolutely false.

51.     These above-described defamatory statements were made by Defendants to harm and ruin Plaintiffs' reputation and their ability to recruit and attract new business and grow their business and Union.

52.     The emotional stress, physical pain and embarrassment of the sexual assault and subsequent defamation committed by Defendants as described above has hindered Plaintiff McCray's abilities to perform his duties as a SPFPA representative and recruit new members and attract new business which resulted in loss of member dues.

53.     The subsequent defamation committed by Defendants as described above has hindered Plaintiff SPFPA to recruit new members and attract new business which resulted in loss of member dues.

54.     Maritas has a history of violence. He was previously charged with felony stalking, although he later pled guilty to a misdemeanor.

## V.     CAUSES OF ACTIONS

### COUNT 1: SEXUAL ASSAULT AND BATTERY/ GENERAL ASSAULT AND BATTERY
(AGAINST ALL DEFENDANTS)

55.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

56.     As described stated above, on September 13, 2023, Defendant Maritas, while performing his Union duties for all of the above captioned Defendants sexually and physically assaulted and battered Plaintiff McCray in the middle of the Honolulu Hawaii in front of the Plaintiff SPFPA and Defendants' employees and representatives.

57.     Defendant Maritas was premeditated in his actions and acted with the intent to physically harm Plaintiff McCray.

58.     All other above captioned Defendants are vicariously liable for the actions of Defendant Maritas and are therefore also liable for this brutal attack upon Plaintiff McCray since this attack was committed by Defendant Maritas on behalf of all other above captioned Defendants.

59.     As a result of his sexual and physical attack, Plaintiff McCray has sustained physical bodily injuries and severe emotional distress and mental trauma.

60.     Plaintiff McCray suffered actual losses or damages as a result in excess of $500,000.00.

61.     Plaintiff McCray was damaged in an amount to be proven at trial.

62.     Plaintiff McCray is entitled to recover his damages from Defendants, together with prejudgment interest and attorneys' fees and costs.

63.     All of the above-named Defendants' actions have caused Plaintiff millions of dollars in general and special damages.

64.     Due to all of the above-named Defendants' actions, Plaintiff has also suffered severe emotional distress, mental trauma and illness and many other special and general damages as proven at trial.

## COUNT 2:  DEFAMATION/BUSINESS DEFAMATION
 (AGAINST ALL DEFENDANTS)

65.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

66.     Defendants have published with malice several false statements about Plaintiffs, as described above.

67.     Defendants have repeatedly accused Plaintiffs of doing things that they never did and falsely accused of them initiating an attack on Defendants and referred to them as "Thugs".

68.     In publicly disseminating and spreading these blatant lies and misleading statements about Plaintiffs to the public on their website that they operate, Defendants harmed and ruined Plaintiffs' reputation and their ability to recruit and attract new business and grow their business and Union.

69.     As described above, Defendants have published numerous scurrilous, untrue, misleading, and Defamatory Statements against SPFPA and McCray.

70.     These defamatory actions taken by Defendants Plaintiffs were purposely meant to harm Plaintiffs' reputation and lower them in the eyes of their Union and public employment community, neighbors and others.

71.     Defendants negligently and/or with actual malice published the Defamatory Statements regarding Plaintiffs to current and potential SPFPA local union

members, SPFPA employees, and the millions of third parties who viewed Defendants' blogposts and/or videos posted on Defendants' Websites.

72.     The Defamatory Statements Defendants made were not privileged.

73.     Defendants published the Defamatory Statements to third parties with knowledge of the falsity of the Defamatory Statements or in reckless disregard of their truth or falsity.

74.     The Defamatory Statements have a tendency to, and did, prejudice Plaintiffs in the conduct of their business and deter others from dealing with Plaintiffs.

75.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to economic loss, severe emotional distress, personal humiliation, mental trauma and anguish and suffering and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

76.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputations, loss of esteem and standing in the community, loss of business opportunities, and other damages that may arise during the course of discovery and the course of this trial; and McCray has further suffered emotional distress, humiliation, mortification, and embarrassment.

77.     Defendants' Defamatory Statements were defamation per se.

78.     Plaintiffs have been damaged in an amount to be proven at trial.

79.     Plaintiffs are entitled to recover damages from Defendants, together with prejudgment interest and attorneys' fees and costs.

## COUNT 3: FALSE LIGHT
 (AGAINST ALL DEFENDANTS)

80.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

81.     Defendants have published with malice several false statements about Plaintiffs, as described above.

82.     Defendants have repeatedly accused Plaintiffs of doing things that they never did and falsely accused of them initiating an attack on Defendants and referred to them as "Thugs".

83.     In publicly disseminating and spreading these blatant lies and misleading statements about Plaintiffs to the public on their website that they operate, Defendants harmed and ruined Plaintiffs' reputation and their ability to recruit and attract new business and grow their business and Union.

84.     As described above, Defendants have published numerous scurrilous, untrue, misleading, and Defamatory Statements against SPFPA and McCray.

85.     These defamatory actions taken by Defendants Plaintiffs were purposely meant to harm Plaintiffs' reputation and lower them in the eyes of their Union and public employment community, neighbors and others.

86.     Defendants negligently and/or with actual malice published the Defamatory Statements regarding Plaintiffs to current and potential SPFPA local union members, SPFPA employees, and the millions of third parties who viewed Defendants' blogposts and/or videos posted on Defendants' Websites.

87.     The Defamatory Statements Defendants made were not privileged.

88.     Defendants published the Defamatory Statements to third parties with knowledge of the falsity of the Defamatory Statements or in reckless disregard of their truth or falsity.

89.     The Defamatory Statements have a tendency to, and did, prejudice Plaintiffs in the conduct of their business and deter others from dealing with Plaintiffs.

90.     The actions taken by Defendants were purposely meant to paint Plaintiffs in a false light.

91.     The Defamatory Statements as described above place and placed Plaintiffs in a light which would be highly offensive to a reasonable person because they characterized Plaintiffs as thugs, among other false claims.

92.     Defendants had knowledge of or acted in reckless disregard as to the falsity of the publications identified in the Defamatory Statements and the false light in

which Plaintiffs would be placed.

93.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to economic loss, severe emotional distress, personal humiliation, mental trauma and anguish and suffering and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

94.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputations, loss of esteem and standing in the community, loss of business opportunities, and other damages that may arise during the course of discovery and the course of this trial; and McCray has further suffered emotional distress, humiliation, mortification, and embarrassment.

95.     Plaintiffs have been damaged in an amount to be proven at trial.

96.     Plaintiffs are entitled to recover damages from Defendants, together with prejudgment interest and attorneys' fees and costs.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(AGAINST ALL DEFENDANTS)

97.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

98.     Defendants' wrongful conduct was intentional.

99.     Defendants' wrongful conduct was unreasonable and/or outrageous, committed without just cause or excuse and beyond all bounds of decency.

100.     Defendants knew or should have known that their wrongful conduct was likely to cause injury.

101.     Plaintiff has suffered emotionally and financially as a direct result of Defendants' actions.

102.     Plaintiff has endured shame and embarrassment among his fellow coworkers due to the way that Defendants have treated them.

103.     Intentionally sexually and physically assaulting him mislabeling him as a "thug" has caused Plaintiff McCray emotional injury and stress and caused him to feel that his peers look down upon him as unfit to be a Union officer and board member.

104.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to economic loss, severe emotional distress, personal humiliation, mental trauma and anguish and suffering and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

105.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business

reputations, loss of esteem and standing in the community, loss of business opportunities, and other damages that may arise during the course of discovery and the course of this trial; and McCray has further suffered emotional distress, humiliation, mortification, and embarrassment.

106.    Each Defendant is liable for the conduct described above.

107.    Plaintiff is entitled to general, special, punitive and treble damages as a result of Defendants' conduct.

108.    Plaintiffs have been damaged in an amount to be proven at trial.

109.    Plaintiffs are entitled to recover damages from Defendants, together with prejudgment interest and attorneys' fees and costs.

## COUNT 5: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(AGAINST ALL DEFENDANTS)

110.    Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

111.    Defendants' wrongful conduct was intentional.

112.    Defendants' wrongful conduct caused physical injury and/or mental condition constituting negligent infliction of emotional distress.

113.    Defendants' wrongful conduct was negligent, grossly negligent, unreasonable, committed without just cause or excuse.

114.   Defendants knew or should have known that their wrongful conduct was likely to cause injury.

115.   Plaintiff has suffered emotionally and financially as a direct result of Defendants' actions.

116.   Plaintiff has endured shame and embarrassment among his fellow coworkers due to the way that Defendants have treated them.

117.   Intentionally sexually and physically assaulting him mislabeling him as a "thug" has caused Plaintiff McCray emotional injury and stress and caused him to feel that his peers look down upon him as unfit to be a Union officer and board member.

118.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained substantial damages, including, but not limited to economic loss, severe emotional distress, personal humiliation, mental trauma and anguish and suffering and are therefore entitled to recover special, general, and compensatory damages in such amounts as shall be shown at a trial or hearing hereof.

119.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputations, loss of esteem and standing in the community, loss of business opportunities, and other damages that may arise during the course of discovery and the course of this trial;

and McCray has further suffered emotional distress, humiliation, mortification, and embarrassment.

120.     Each Defendant is liable for the conduct described above.

121.     Plaintiff is entitled to general, special, punitive and treble damages as a result of Defendants' conduct.

122.     Plaintiffs have been damaged in an amount to be proven at trial.

123.     Plaintiffs are entitled to recover damages from Defendants, together with prejudgment interest and attorneys' fees and costs.

**COUNT 6:** (**TORTIOUS INTERFERENCE WITH A CONTRACT OR ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY**)

(AGAINST ALL DEFENDANTS)

124.     Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

125.     Plaintiffs enjoy advantageous business relationships with its local unions and union members and are constantly looking to use those advantageous business relationships to gain additional local members around the country.

126.     By Defendants' conduct described above, Defendants intentionally and improperly interfered with the contracts and business relationship and expectancies between SPFPA and its employees, current local union members, and potential local union members,

including, but not limited to the following Union-represented employees on Hawaii and specifically at the Federal Building on Oahu.

127.   The conduct described above was intended to, and did, interfere with the contracts and business relationships and expectancies causing their breach, disruption, or termination.

128.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## COUNT 7:   (PERMANENT INJUNCTIVE RELIEF)

(AGAINST ALL DEFENDANTS)

129.   Plaintiffs reiterate and incorporate by reference the preceding paragraphs of this Complaint as though set forth fully herein.

130.   Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of destroying Plaintiffs' goodwill and reputation by use of defamatory statements, placing Plaintiffs in a false light, and interfering with Plaintiffs' contractual or advantageous business relationships or expectancies.

131.   This resulted in the unlawful and tortious activity of defamation, placing Plaintiffs in a false light, and tortious interference.

132.    As a result of Defendants' wrongful and tortuous acts, Plaintiffs have been damaged.

133.    Plaintiffs request that this Court grant judgment against Defendants in the form of a permanent injunction against further defamatory statements, actual damages, punitive damages, and all other and further relief as may be appropriate.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment granting the following relief on all causes of action as follows:

A.    On all Counts against ALL Defendants;

B.    For an award of special, economic, consequential and general damages to Plaintiffs from ALL Defendants, jointly and severally, in amount proven at trial;

C.    Punitive damages, as the facts aforesaid constitute extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society.  In committing the above acts and omissions, Defendants acted wantonly and/or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or there has been some willful misconduct that demonstrates that entire want of care which would raise the presumption of a conscious indifference to consequences, justifying an award of punitive or exemplary damages in an amount to be proven at trial;

D.     That this Court enter a declaratory judgment that Defendants have violated the rights of Plaintiffs;

E.     That this Court award Plaintiffs compensatory damages, proximately caused by Defendants' tortious and abusive conduct, including, but not limited to, general damages for false statements assessed against all Defendants, all in an amount to be proven at trial;

F.     That this Court award Plaintiffs all of their attorney's fees and costs of this suit herein as well as prejudgment and post-judgment interest;

G.     That this Court Order Defendants to publish a retraction to each and every person to whom and in the same manner as the Defamatory and False Light Statements were published and to cease all future defamatory and false light statements against SPFPA, all SPFPA employees—including McCray—and all SPFPA local union members.

H.     That this Court award Plaintiffs damages in excess of 500,000.00 including compensatory damages equal to the amount of losses it has sustained and will sustain, exemplary damages, and other and further relief that the court may deem appropriate.

I.      That this Court award and enter judgment in their favor and against Defendants for compensatory damages in an amount in excess of $500,000.00 that is sufficient to compensate Plaintiffs for their actual, consequential, and incidental losses, including lost financial support sustained as a result of Defendants' wrongful actions, plus

interest, costs, reasonable attorney fees, and such other relief that this Court deems just and equitable.

      J.    That this Court grant judgment against Defendants in the form of a permanent injunction against further defamatory statements, actual damages, punitive damages, and all other and further relief as may be appropriate.

      K.    That this Court order other appropriate injunctive relief.

      L.    That this Court award Plaintiffs such other and further relief both legal and equitable as this Court deems just, necessary and proper under the circumstances.

DATED: Honolulu, Hawaii; November 19, 2023

/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC

Attorney for Plaintiffs
JOSEPH MCCRAY and SPFPA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH MCCRAY, INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), an International Union, | ) CIVIL NO.<br>)<br>)<br>)<br>) |
| | ) DEMAND FOR TRIAL BY JURY |
| Plaintiffs, | ) |
| vs. | ) |
| STEVEN MARITAS (Individually & In His Official Capacity); LAW ENFORCEMENT OFFICERS SECURITY UNION ("LEOSU"), an unincorporated union; LAW ENFORCEMENT OFFICERS SECURITY & POLICE BENEVOLENT ASSOCIATION ("LEOS-PBA"), an unincorporated union; and UNITED FEDERATION-LEOS-PBA LAW ENFORCEMENT SECURITY & BENEVOLENT ASSOCIATION ("UFLEOS-PBA"); DOE PERSONS 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

DEMAND FOR TRIAL BY JURY

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial in this action on all issues and claims as stated above.

DATED: Honolulu, Hawaii; November 19, 2023

*/S/ BOSKO PETRICEVIC*_____
BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC

Attorney for Plaintiffs
JOSEPH MCCRAY and SPFPA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH MCCRAY, INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), an International Union,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN MARITAS (Individually & In His Official Capacity); LAW ENFORCEMENT OFFICERS SECURITY UNION ("LEOSU"), an unincorporated union; LAW ENFORCEMENT OFFICERS SECURITY & POLICE BENEVOLENT ASSOCIATION ("LEOS-PBA"), an unincorporated union; and UNITED FEDERATION-LEOS-PBA LAW ENFORCEMENT SECURITY & BENEVOLENT ASSOCIATION ("UFLEOS-PBA"); DOE PERSONS 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | ) CIVIL NO.<br>)<br>)<br>)<br>)<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SUMMONS

STATE OF HAWAII:

To ALL of the above-named Defendants:

You are hereby summoned and required to file with the Court and serve

BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC, whose address is P.O. Box 38,

Honolulu, Hawaii, 96810, with an email address of boskolaw@gmail.com,  an answer

to the Complaint herewith served upon you, within twenty (20) days after service of this

summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and

6:00 a.m. on premises not open to the general public, unless a judge of the above-

entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and

default judgment against the disobeying person or party.


DATED:     Honolulu, Hawaii, _____.


_____

CLERK OF THE ABOVE-ENTITLED COURT