IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSEPH McCRAY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN MARITAS, *et al.*,<br><br>Defendants. | Case No. 23-cv-00465-DKW-KJM<br><br>**ORDER (1) DISMISSING CASE PURSUANT TO PLAINTIFFS' AS-CONSTRUED NOTICE OF VOLUNTARY DISMISSAL; AND (2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**[1] |

On November 19, 2023, Plaintiffs Joseph McCray and International Union, Security, Police and Fire Professionals of America ("SPFPA") filed a Complaint against Steven Maritas and various associated unions[2] (collectively "Defendants"), raising several state law tort claims arising out of an altercation occurring at a union meet-and-greet in downtown Honolulu.  Dkt. No. 1.  On January 2, 2024, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction, asserting that the parties lacked complete diversity in this action premised on 28 U.S.C. § 1332.  Dkt. No. 22.  In response to that motion, Plaintiffs agreed to dismiss, but requested that the Court grant a voluntary dismissal without prejudice,

---

[1] Pursuant to Local Rule 7.1(c), the Court elected to decide this matter without a hearing.  Dkt. No. 29.

[2] The union Defendants include Law Enforcement Officers Security Union ("LEOSU"), Law Enforcement Officers Security & Police Benevolent Association ("LEOS-PBA"), United Federation-LEOS-PBA Law Enforcement Security & Benevolent Association ("UFLEOS-PBA"), and United Federation LEOS-PBA Hawaii, Guam, Saipan and American Samoa ("Hawaii UFLEOS-PBA").

noting that "[s]ince Defendants have already filed their motion to dismiss, Plaintiffs' counsel does not believe he can submit a unilateral notice of dismissal without Court's Order or without stipulation signed by all parties pursuant to FRCP Rule 41(a)(1)(A)(i) and (ii)." Dkt. No. 27 at 3.

Plaintiffs, however, are mistaken. Under the plain language of Federal Rule of Civil Procedure 41(a)(1), a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an *answer* or a *motion for summary judgment*." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). Here, Defendants have yet to serve either. Although Defendants filed a motion to dismiss, such motions do not bar Plaintiffs from voluntarily dismissing their action by notice under Rule 41(a)(1). *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).").

As such, in light of Plaintiffs' representations, the Court construes their request for voluntary dismissal as notice of the same. Pursuant to Rule 41(a)(1), this action is therefore DISMISSED WITHOUT PREJUDICE by operation of law. *See Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been

brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."); Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). Defendants' motion to dismiss, Dkt. No. 22, is accordingly DENIED AS MOOT.

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: March 7, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

*Joseph McCray, et al vs. Steven Maritas, et al*; Civil No. 23-00465 DKW-KJM; **ORDER (1) DISMISSING CASE PURSUANT TO PLAINTIFFS' AS-CONSTRUED NOTICE OF VOLUNTARY DISMISSAL; AND (2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**